**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**BETTY OLIVO WILLIAMS**,

*Plaintiff*,

v. Case No. 2:26-cv-02651-BCL-atc

**SHELBY COUNTY, TENNESSEE, et al.,**

*Defendant*.

---

**ORDER DENYING MOTION TO REASSIGN CASE,**
**MOTIONS TO DISMISS AND MOTION TO STAY**

---

The Court is in receipt of Plaintiff's Motion to Reassign Case as a Related Case (Doc. 28), Defendant Floyd Bonner, Jr.'s Motion to Dismiss for Failure to State a Claim (Doc. 30), Defendant Lee Harris's Motion to Dismiss for Failure to State a Claim (Doc. 31), and Defendants Floyd Bonner, Jr. and Lee Harris' Joint Motion to Stay Discovery (Doc. 36). For the following reasons, these motions are **DENIED**.

**1.** Plaintiff seeks to reassign this case to Judge Mark S. Norris because it is "related to" *Shahan v. Shelby County, Tennessee, et al*., No. 2:25-cv-02006-MSN-cgc (W.D. Tenn.). Doc. 28 at 1. The Court **DENIES** this Motion because the cases are not sufficiently related to warrant a reassignment. While both cases concern alleged events at the Shelby County Criminal Justice Center, the events are materially different: *Shahan* arises out of an alleged bedbug infestation resulting in sepsis of a patient (*Id.* at 3), while this case involves COVID-19 and pneumonia suffered by a different patient (*Id.* at 3-4). The cases do not "arise[ ] out of the same transaction or occurrence." LR 3.1(b)(2). Moreover, there are significant differences in the involved parties: The

two cases involve different plaintiffs, and a number of the individually named Defendants are different between the cases. The cases therefore are not related, and that they both assertedly involve the same or similar legal issues does not change that.

**2.** Defendants Floyd Bonner and Lee Harris filed Motions to Dismiss pursuant to Rule 12(b)(6) on July 31, 2026. Docs. 30, 31. Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a party has twenty-one days to amend a pleading after service of a motion under Rule 12(b). *See Am. Ass'n of Nurse Anesthesiology v. Kennedy*, 183 F.4th 427, 433 n.2 (6th Cir. 2026). On August 19, 2026, within the twenty-one-day deadline, Plaintiff filed an amended complaint. Doc. 37. In that complaint, she drops her claims against Defendants Floyd Bonner, Jr. and Lee Harris. *Id.* at 47. As such, Defendants two Motions to Dismiss are **DENIED** as moot. Defendants Floyd Bonner, Jr. and Lee Harris are **DISMISSED**.

**3.** On August 6, 2026, Defendants Floyd Bonner, Jr. and Lee Harris jointly filed a Motion to Stay Discovery. Doc. 36. In that motion, they claim that they request discovery be stayed until the Motions to Dismiss are addressed. *Id.* at 4. Because those Motions to Dismiss have now been addressed, and those defendants dismissed, this Motion to Stay is **DENIED** as moot.

**IT IS SO ORDERED**, this 2nd day of September, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE